IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE: | : | CRIMINAL ACTION |
| WARREN WEDDINGTON | : | NO. 08-62 |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                           MARCH 12, 2008

  This case reflects yet another way in which the labyrinth of potential post-conviction procedures can bedevil inmates, counsel and the courts, each having a legitimate interest in the prompt, efficient and fair-minded consideration of issues relating to a petitioner's conviction and punishment.

  Petitioner Warren Weddington is a Pennsylvania prisoner who was convicted of burglary and related offenses on November 6, 2003. A sentence of 30 to 60 months in prison, plus a restitution order, was imposed on March 8, 2004. On direct appeal, the Pennsylvania Superior Court vacated the restitution portion of the sentence, but affirmed the judgment in all other respects. The Pennsylvania Supreme Court denied Mr. Weddington's *allocatur* petition on January 31, 2007. See, Commonwealth v. Weddington, 591 Pa. 672 (2007). Petitioner Weddington next sought state collateral review under the Pennsylvania Post-Conviction Relief Act (PCRA), but his petition was denied in late 2007. The Court is not aware of Petitioner Weddington having filed an appeal from that denial.

Rather, on January 9, 2008, invoking 28 U.S.C. § 1443, Petitioner Weddington filed a petition to remove the state court proceedings to federal court. He also moved this Court to set a hearing date for the petition "for the purposes of taking proofs and determining [whether] the case falls within terms of the removal statute." Petition for Hearing at 1 (Doc. No. 1) ("Petition"). On January 31, 2008, United States District Court Judge James T. Giles reviewed the petition and ordered that the matter be "recharacterized for all purposes as a criminal matter" and reassigned to a different judge. Memorandum and Order (January 31, 2008) (Doc. No. 2). Thereafter, in due course and adopting the lead of the January 31, 2008 Order, this Court ordered that a hearing be scheduled for March 27, 2008. See, Notice of Hearing (Doc. No. 4).

The scheduling of a hearing prompted the Commonwealth to file a Motion for Reconsideration (Doc. No. 5). The Commonwealth argues that the Court should vacate the March 4, 2008 Order setting a hearing date and dismiss this removal action, without prejudice to Petitioner Weddington's right to file a conventional § 2254 habeas corpus petition if he so chooses. For the reasons set forth below, the Court will grant the Commonwealth's Motion.

**I. LEGAL STANDARD**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986)). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." Drake v. Steamfitters Local

Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at *7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)).  Here, the Commonwealth has correctly called the Court's attention to a need to avoid what would be a clear error.

**II. DISCUSSION**

"All federal courts, other than the Supreme Court, derive their jurisdiction wholly from the exercise of the authority to 'ordain and establish' inferior courts, conferred on Congress by Article III, § a of the Constitution."  Lockerty v. Phillips, 319 U.S. 182, 187 (1943).  Accordingly, removal jurisdiction is statutory.  No federal court may construe statutes granting jurisdiction any broader than their language allows.  Williams v. Rogers, 449 F.2d 513, 518 *8th Cir. 1971).  Accordingly, this Court could not allow Petitioner Weddington to remove his action to federal court without specific statutory authority to do so.

Petitioner Weddington seeks removal of his state-related criminal proceedings to federal court under "Federal Rule of Civil Procedure § 1443."  Memorandum of Law in Support of Removal at 1 (Doc. No. 1) ("Memorandum").  Presumably, Petitioner Weddington is referring to 28 U.S.C. § 1443, which provides for the removal of state proceedings in limited circumstances, as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights,

or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The Supreme Court has held that:

> a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality....Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (citations omitted).

Because Petitioner Weddington has not alleged anywhere in his petition that any Pennsylvania state court litigation concerning him involved issues of racial inequality, § 1443(1) provides no basis for this Court's proposed exercise of subject matter jurisdiction. Additionally, a petitioner must also show that he cannot enforce any asserted rights in state court. See, State v. Haws, 131 F.3d 1205, 1209 (7th Cir. 1997). The only rights to which Petitioner Weddington refers are his rights to effective counsel and to a fair trial, rights that are certainly enforceable in state court. As the Commonwealth notes in its Motion, Petitioner Weddington may lose in state court, but that is not grounds for removal. See, Attorney General ex rel. Mertz v. Yeager, 464 F.2d 553, 554 (3d Cir. 1972) (removal of state post-conviction proceedings inappropriate). Such a loss merely gives Petitioner Weddington the opportunity to seek relief through a petition for a writ of habeas corpus.[1]

---

[1] In addition, 28 U.S.C. § 1443(2) is unavailing to Petitioner Weddington inasmuch as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 (1966). Accordingly, §1443(2) does not grant a right to removal to individuals such as Petitioner Weddington who are not federal officers or agents.

Even if §1443 provided a basis for this Court's exercise of subject matter jurisdiction, Petitioner Weddington failed to comply with the timing requirements set forth in 28 U.S.C. §1446 which dictate that a "notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier...."  "Moreover, it is quite clear that what plaintiff objects to is a decision already rendered in the state case.  It is implicit that removal occur prior to a decision in the state court, not after." Saunders-El v. Commonwealth of Pennsyalvania, Dept. of Public Assistance, 1986 U.S. Dist. LEXIS 15903, at *2 (E.D. Pa. 1986) (citing ex rel. Mertz v. Yeager, supra).

A federal district court must examine promptly the notice of removal of a criminal case. 28 U.S.C. § 1446(c)(5).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  However, as the Commonwealth notes in its Motion, Petitioner Weddington's state proceedings, including his collateral proceedings, have ended.  His direct appeal ended in January 2007, and his PCRA petition was denied later that year.  He did not file an appeal, so there is nothing pending in any state court at this time.  Accordingly, even if the federal removal statute was applicable here (which it clearly is not), no removal (and, thus, no remand) would be possible because, quite simply, there is no proceeding to "remove" from state to federal court.

The filings in this matter demonstrate that removal of this criminal prosecution is not permitted under § 1443 or any other federal statute. Accordingly, Petitioner Weddington's Petition is denied.[2]

An appropriate Order follows.

                                                      BY THE COURT:

                                                      /s/ Gene E.K. Pratter
                                                      GENE E.K. PRATTER
                                                      UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges Petitioner Weddington's challenging situation. However, if he wishes to attempt to challenge his conviction, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not simply remove a previously tried, appealed and closed state case to federal court.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| | : | CRIMINAL ACTION |
| IN RE: | : | |
| | : | |
| WARREN WEDDINGTON | : | |
| | : | NO. 08-62 |
| | : | |

**ORDER**

**AND NOW**, this 12th day of March 2008, upon consideration of Motion for Reconsideration (Doc. No. 5), it is hereby **ORDERED** that Motion is **GRANTED** as follows:

1) Motion for Reconsideration (Doc. No. 5) is GRANTED.

2) The evidentiary hearing scheduled for March 27, 2008 at 2:00 p.m. is hereby CANCELLED.

3) Petitioner Weddington's Petition for Removal is hereby DENIED without prejudice to Petitioner Weddington's right to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Clerk of Court is instructed to mark this case CLOSED for all purposes, including statistics.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE